IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFIYQ DAVIS, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 23-CV-4702 |
| | : | |
| JEFFREY ROSENBAUM, *et al.* | : | |
|     Defendants. | : | |

<u>MEMORANDUM</u>

**GOLDBERG, C.J.**                                                                                                   **April 8, 2024**

Pro se Plaintiff Rafiyq Davis brings this civil action alleging claims against attorneys who represented him in a prior civil matter. Davis seeks to proceed in forma pauperis. For the following reasons, I will grant Davis leave to proceed in forma pauperis and dismiss his Complaint.

**I.    FACTUAL ALLEGATIONS**[1]

Davis names as Defendants three attorneys associated with a private law firm, Rosenbaum and Associates. (Compl. at 2.) He also names another law firm, "Kofsky & Clearfield & Penneys," as a Defendant. Davis alleges that the Defendants represented him in a civil action about which he provides no details, including the claims and defendants involved, the outcome, and when the civil action allegedly took place.[2] Davis takes issue with the Defendants' involvement in that civil action. (<u>Id.</u>) Davis specifically alleges that Defendant Jeffrey Rosenbaum:

- failed to keep the civil matter confidential;
- requested that defendants be dismissed without Davis's consent;
- "took more than the national attorney/lawyer maximum percentage of 25%";
- failed to provide Davis "with any of the settlements . . . from any of the defendants";

---

[1] The factual allegations are from Davis's Complaint. (ECF No. 2.) Page numbers refer to those supplied by the CM/ECF docketing system.

[2] Because Davis does not allege when the civil action took place, I am unable to assess whether any claims relating to Defendants' involvement in that civil action are timely asserted.

- gave money to a different lawyer "who had nothing to do with [the] representation of Davis";
- had more than one lawyer working on the matter;
- "used public email not related to business" when contacting Davis a few times;
- overestimated medical expenses;
- had a relationship with the defendants, which posed a conflict of interest; and
- made Davis pay an attorney from a different law firm "for no reason at all."

(Id. at 3-4.) Based on these allegations, Davis states that Rosenbaum violated his rights under the First, Sixth, and Fourteenth Amendments, his equal protection rights, his "United States Rights," and that Rosenbaum committed breach of contract, fraud, theft, embezzlement, and an illegal distribution of funds. (Id. at 4.)

Davis further alleges that Defendants Christopher Durso and Jeffrey Curry were interns or paralegals that worked at Rosenbaum's law firm. (Id. at 5-6.) He alleges that Durso and Curry were not "certified lawyers," "should not have been a part of any of [his] representation," and "were not suppose[d] to have negotiated [his] settlement nor been aware of any of the settlement negotiations." (Id.) He further alleges that Durso and Curry failed to keep the civil matter "confidential and private." (Id.) Based on these allegations, Davis contends that Durso and Curry violated his equal protection rights. (Id.) Finally, Davis alleges that Kofsky & Clearfield & Penneys improperly received money from Rosenbaum and Associates "for no reason at all" even though Davis did not retain them, and is thus guilty of "fraud, theft, and embezzlement." (Id. at 7.) Davis seeks money damages. (Id. at 8.)

## II.     STANDARD OF REVIEW

I will grant Davis leave to proceed in forma pauperis because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that Davis's Complaint be dismissed if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions

to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021) (quoting Perez v. Fenoglio, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. Iqbal, 556 U.S. at 678.

Additionally, the Court must determine whether federal subject matter jurisdiction exists. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Group Against Smog and Pollution, Inc. v. Shenango, Inc., 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues sua sponte"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015). As Davis is proceeding pro se, I construe his allegations liberally. Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021) (citing Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

Davis appears to bring claims against private attorneys who represented him in a prior undisclosed civil matter. I understand Davis to assert constitutional claims against Defendants pursuant 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured

3

by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." Leshko v. Servis, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Privately retained attorneys—such as all of the Defendants named in this case—are generally not considered state actors when "performing their traditional functions" as attorneys. Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999); see also Gannaway v. Stroumbakis, 842 F. App'x 725, 730 (3d Cir. 2021) (per curiam) (affirming dismissal of claims against private and court-appointed criminal defense attorneys as they were not state actors for purposes of § 1983); Ellison v. Smith, 778 F. App'x 195, 196 (3d Cir. 2019) (per curiam) (affirming dismissal of § 1983 complaint where the entirety of complaint centered on defendants performing their roles as attorneys in criminal proceedings and were thus not acting under color of state law); Turack v. Guido, 464 F.2d 535, 536 (3d Cir. 1972) ("The claims against appellant's own attorney are essentially malpractice contentions and do not allege a deprivation of civil rights

4

under 28 U.S.C. § 1367(c) over any state law claims. See Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). Accordingly, Davis's state law claims will be dismissed without prejudice for lack of jurisdiction.

### IV.     CONCLUSION

For the foregoing reasons, I will grant Davis leave to proceed in forma pauperis and dismiss his Complaint. The federal claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Leave to amend will not be given as any attempt to amend would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108, 110 (3d Cir. 2002). A final Order follows.